UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:11-cv-11132

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO FLEET NATIONAL
BANK, PROVIDENCE, RHODE ISLAND

    Plaintiff,

v.

JAMES T. HEGARTY, SHEILA
COMEAU, THE HEIRS, DEVISEES, AND
LEGAL REPRESENTATIVES OF MARY
TIBBETTS, GAEL TARALLO, DEIDRE C.
SULLIVAN,

    Defendants

and

UNITED STATES OF AMERICA,

    Defendant/Party-in-Interest

## JUDGMENT AS TO DEFENDANT, SHEILA COMEAU

It is hereby ORDERED, ADJUDGED, AND DECREED as to Defendant, Sheila Comeau:

1. The Mortgage from James T. Hegarty, Sheila Comeau, Mary Tibbetts, Gael Tarallo and Deidre C. Sullivan dated August 15, 2003 encumbering the Property known and numbered as 51 Reservoir Street, Methuen, MA 01844 is reformed to include Defendant Deidre C. Sullivan as a Mortgagor in the Borrower Clause of the Mortgage;

2. Bank of America, N.A., successor by merger to Fleet National Bank, Providence, Rhode Island to record a copy of the Mortgage dated August 15, 2003 inclusive of Exhibit A legal description and is a valid and enforceable first mortgage encumbering the Property

    located at 51 Reservoir Street, Methuen, MA 01844, as described in the Exhibit A legal description of the Mortgage;

3. The Essex County (Northern District) Registry of Deeds is ordered to accept a copy of the Mortgage dated August 15, 2003 inclusive of the Exhibit A legal description for recording with an effective date of August 15, 2003;

4. The Mortgage dated August 15, 2003 is primary to the interests of the Defendants and any other liens or interested parties which may have been created and recorded at the Essex County (Northern District) Registry of Deeds after the execution of the Mortgage on August 15, 2003.

Entered as an Order of this Court on this 19th day of April , 20 13.

By Order:

ENTER:

_____
Judge

## CERTIFICATE OF SERVICE

I, Frederick C. Cassavant, state that on December 17 2012, I electronically filed Amended Joint Motion for Declaratory Judgment between Plaintiff and Defendant, Sheila Comeau, Proposed Judgment and Certificate of Service using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Julie C. Avetta, Esq.
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 55
Washington, D.C. 20044

I certify that I also served copies of the aforementioned documents upon the following party by regular first-class mail, postage prepaid, addressed to:

The Heirs, Devisees, and Legal Representatives of Mary Tibbetts
27 Newton Place
Framingham, MA 01702

Gael Tarallo
5 Erin Lane
Derry, NH 03038

Deirdre Sullivan
51 Reservoir Street
Methuen, MA 01844

William D. Cox, Jr., Esq.
145 South Main Street
Bradford, MA 01835

I certify that I also served copies of the aforementioned documents upon the following party by electronic mail to:

James T. Hegarty         (via email: jthegarty@gmail.com per Court Order from Essex Superior Court)

Frederick C. Casavant, Esq.

# Fleet Bank

Mortgage

(for use in CT, FL, MA, ME, PA and RI)

Principal Loan Amount: U.S. $  
$90,000.00

Maturity Date:  
08/20/23

Borrower(s)/Mortgagor(s):  
JAMES T. HEGARTY

SHEILA COMEAU  
MARY TIBBETTS  
GAEL TARALLO

Property Address:

51 RESERVOIR ST ESSEX METHUEN, MA 01844

Mailing Address:

PO BOX 157 METHUEN, MA 018440157

THIS MORTGAGE is between each Mortgagor signing below ("Borrower") and the following Mortgagee ("Lender"):

Name of Lender: FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Lender's Address for Notices: CONSUMER LOAN OPERATIONS  
315-317 COURT STREET  
P.O. BOX 3092  
UTICA, NY 13502

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note in favor of Lender in the Principal Loan Amount set forth above, which note was dated the same date as this Mortgage and is due and payable in full by the Maturity Date set forth above (the "Note"), together with interest thereon and all renewals, extensions, and conversions of or modifications to the Note; the payment of all other sums provided in the Note or advanced to protect the security of this Mortgage; and the performance of all other covenants and agreements of Borrower contained herein and in the Note, for consideration paid, Borrower hereby mortgages, grants, and conveys to Lender, its successors and assigns forever, with statutory power of sale (if applicable) and with mortgage covenants, the property described in Exhibit A to this Mortgage (the "Property"). This Mortgage is given on the statutory condition (except in Florida). If the Property is located in New York, Lender's rights under this Mortgage are in addition to, and not exclusive of, rights conferred under Sections 254, 271, 272 and 291-F of the New York Real Property Law.

PROPERTY UNDER MORTGAGE

The Property includes: all improvements erected on the Property; all of Borrower's rights and privileges to all land, water, streets, and roads next to and on all sides of the Property (called "easements, rights, and appurtenances"); all rents from the Property; all proceeds (to the extent necessary to repay the amount Borrower owes) from the Property, including insurance proceeds and proceeds from the taking of all or any part of the Property by a government agency or anyone else authorized by law; and all property and rights described above that Borrower acquires in the future.

OWNERSHIP OF PROPERTY

Borrower promises that Borrower lawfully owns the Property and has the right to mortgage, grant and convey the Property, and that there are no claims or charges (called "encumbrances") against the Property, except for encumbrances disclosed to Lender. Borrower is fully responsible for any losses Lender suffers because someone other than the Borrower has some of the rights in the Property that the Borrower claims, and Borrower will defend Borrower's ownership of the Property against any such claim of rights.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, and Other Charges.** Borrower shall promptly pay, when due, the principal and interest indebtedness secured by the Mortgage and any other charges due under the Note. (PA customers only; including a late fee in the amount of $ _____ for each late payment).

Recording Copy

21000 Rev. 11/2002

Page 1 of

**EXHIBIT A**

# Fleet Bank

Mortgage

(for use in CT, FL, MA, ME, PA and RI)

| | |
|---|---|
| **Principal Loan Amount:** U.S. $ | **Maturity Date:** |
| $90,000.00 | 08/20/23 |

**Borrower(s)/Mortgagor(s):**

JAMES T. HEGARTY

SHEILA COMEAU
MARY TIBBETTS
GAEL TARALLO

| | |
|---|---|
| **Property Address:** | **Mailing Address:** |
| 51 RESERVOIR ST ESSEX METHUEN, MA 01844 | PO BOX 157 METHUEN, MA 018440157 |

THIS MORTGAGE is between each Mortgagor signing below ("Borrower") and the following Mortgagee ("Lender"):

Name of Lender:     FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Lender's Address for Notices:     CONSUMER LOAN OPERATIONS
315-317 COURT STREET
P.O. BOX 3092
UTICA, NY 13502

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note in favor of Lender in the Principal Loan Amount set forth above, which note was dated the same date as this Mortgage and is due and payable in full by the Maturity Date set forth above (the "Note"), together with interest thereon and all renewals, extensions, and conversions of or modifications to the Note; the payment of all other sums provided in the Note or advanced to protect the security of this Mortgage; and the performance of all other covenants and agreements of Borrower contained herein and in the Note, for consideration paid, Borrower hereby mortgages, grants, and conveys to Lender, its successors and assigns forever, with statutory power of sale (if applicable) and with mortgage covenants, the property described in Exhibit A to this Mortgage (the "Property"). This Mortgage is given on the statutory condition (except in Florida). If the Property is located in New York, Lender's rights under this Mortgage are in addition to, and not exclusive of, rights conferred under Sections 254, 271, 272 and 291-F of the New York Real Property Law.

## PROPERTY UNDER MORTGAGE

    The Property includes: all improvements erected on the Property; all of Borrower's rights and privileges to all land, water, streets, and roads next to and on all sides of the Property (called "easements, rights, and appurtenances"); all rents from the Property; all proceeds (to the extent necessary to repay the amount Borrower owes) from the Property, including insurance proceeds and proceeds from the taking of all or any part of the Property by a government agency or anyone else authorized by law; and all property and rights described above that Borrower acquires in the future.

## OWNERSHIP OF PROPERTY

Borrower promises that Borrower lawfully owns the Property and has the right to mortgage, grant and convey the Property, and that there are no claims or charges (called "encumbrances") against the Property, except for encumbrances disclosed to Lender. Borrower is fully responsible for any losses Lender suffers because someone other than the Borrower has some of the rights in the Property that the Borrower claims, and Borrower will defend Borrower's ownership of the Property against any such claim of rights.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, and Other Charges.** Borrower shall promptly pay, when due, the principal and interest indebtedness secured by the Mortgage and any other charges due under the Note. (PA customers only; including a late fee in the amount of $ _____ for each late payment).

Recording Copy

21000 Rev. 11/2002                          Page 1 of

**EXHIBIT A**

2. **Application of Payments.** Unless otherwise provided in the Note or required by applicable law, all payments received by Lender shall be applied first to interest accrued through the date of payment, then to principal due to the date of payment, then to other charges, if any, that have not been added to principal and, finally, to principal that is not yet due.

3. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage, including Borrower's covenants to make payments when due, and will not incur any additional indebtedness under any such mortgage, deed of trust or other security agreement. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property that may attain priority over this Mortgage, and any leasehold payments or ground rents. Borrower will notify all prior mortgagees of Lender's Mortgage.

4. **Hazard and Flood Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require. Borrower shall maintain coverage in an amount equal to the smallest of: (a) the amount of any obligation having priority over this Mortgage, plus one hundred ten percent (110%) of the unpaid balance of principal and interest on the Note; or (b) the maximum insurable value of the Property, but in no event shall such amount be less than the amount necessary to satisfy any co-insurance requirement contained in the insurance policy; or (c) the maximum amount permitted by applicable law. If the Property is located in an area identified by federal officials as having special flood hazards and where flood insurance is available under the National Flood Insurance Act, Borrower will keep Property insured against loss by flood.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgagee clause in favor of, and in a form acceptable to, Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

5. **Preservation and Maintenance of Property; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. If this Mortgage is on a unit in a condominium or planned unit development, Borrower shall perform all of the Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. Borrower shall promptly pay, when due, all assessments imposed by the owners' association or other governing body of any condominium project of which the Property is a part, pursuant to the provisions of the declaration, by-laws, regulations or other constituent document of the condominium project. As long as the owners' association or other governing body maintains a "master" or "blanket" policy on the condominium project that provides insurance coverage against fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then Borrower's obligations under paragraph 4 to maintain hazard insurance coverage on the Property is deemed satisfied and the provisions of paragraph 4 regarding application of hazard insurance proceeds shall be superseded by any provisions of the declaration, by-laws, regulations or other constituent document of the project or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss of the Property, whether to the unit or to common elements, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Mortgage, with the excess, if any, paid to Borrower.

Recording Copy

If the Property is part of a condominium project, Borrower shall not, except after notice to Lender and with Lender's prior written consent, partition or subdivide the Property, or consent to: (a) the abandonment or termination of the project, except for abandonment or termination provided by law in the case of a taking by condemnation or eminent domain; (b) any material amendment of the declaration, by-laws or regulations of the owners' association or other governing body, or equivalent constituent document of the project, including, but not limited to, any amendment that would change the percentage interests of the unit owners in the project; or (c) the effectuation of any decision by the owners' association or other governing body to terminate professional management and assume self-management of the project.

6. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced that materially affects Lender's interest in the Property, the Lender, at Lender's option, on notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as Lender deems necessary to protect its interest. Any amounts disbursed by Lender pursuant to this paragraph 6 shall become additional principal indebtedness of Borrower secured by this Mortgage and Borrower shall pay interest on such amounts at the rate in effect from time to time under the Note. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable on notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 6 shall require Lender to incur any expense or take any action hereunder, and any action taken by Lender hereunder shall not be a waiver of, or preclude the exercise of, any of the rights or remedies accorded to Lender.

7. **Inspection.** Lender may make or cause to be made reasonable entries on and inspection of the Property, provided that Lender shall give Borrower notice prior to such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

8. **Condemnation.** The process of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, is hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage.

9. **Borrower Not Released; Forbearance By Lender Not A Waiver.** Extension of the time for payment or modification of any of the other terms of payment of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify the terms of payment of the sums secured by the Mortgage by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

10. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to the benefit of, the respective successors and assigns of Lender and Borrower. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signed this Mortgage, but does not execute the Note: (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forebear or make any other accommodations with regard to the terms of this Mortgage and the Note without the Borrower's consent and without releasing the Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

11. **Notice.** Except for any notice required under applicable law to be given in another manner: (a) any notice required or permitted to be given to Borrower under this Mortgage shall be sent to Borrower by regular mail addressed to Borrower at the address for notices specified in the Note; and (b) any notice required or permitted to be given to Lender under this Mortgage shall be sent to Lender by regular mail addressed to Lender at Lender's Address for Notices identified at the beginning of this Mortgage. Either party may change its address to which the other party is to send notices by giving the other party notice of the new address in accordance with this paragraph 11. Any notice provided for in this Mortgage shall be in writing and shall be deemed to have been given when mailed, postage prepaid, addressed in the manner designated herein.

Recording copy

12. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. Notwithstanding the foregoing, nothing herein shall limit the applicability of federal law to this Mortgage. In the event that any provision of this Mortgage or the Note conflicts with applicable law, the conflicting provision shall be deemed to be amended to afford the Lender the maximum rights allowed by law. No conflict with applicable law shall affect other provisions of this Mortgage or the Note that can be given effect without the conflicting provision and, to this end, the provisions of this Mortgage or the Note are declared to be severable.

13. **Borrower's Copy.** Borrower shall be furnished a conformed copy of this Mortgage at the time of execution or after recordation hereof.

14. **Events of Default.** Borrower shall be in default under this Mortgage if: (1) Borrower fails to make any payment due under the Note or this Mortgage within 10 days of its due date (60 days, if you paid any prepaid finance charge and this is a secondary mortgage on a 1- to 4-family dwelling located in Connecticut); (2) Borrower breaks any of the promises or agreements in the Note or in this Mortgage; (3) Borrower has made any false or misleading statements in connection with the Note or this Mortgage; (4) a petition is filed by or against any person liable on the Note under any bankruptcy or insolvency law; (5) any person liable on the Note dies or becomes unable to manage his or her affairs; (6) the value of the Property is significantly impaired; (7) anything else happens that Lender reasonably believes affects Borrower's ability to repay the Note; (8) Borrower fails to furnish any updated financial statement or other credit information Lender requests from time to time; or (9) Borrower fails to permit Lender, at Lender's request, to inspect or appraise the Property from time to time.

15. **Acceleration; Remedies.** On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies permitted under applicable law, including the STATUTORY POWER OF SALE, if any. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 15, including, but not limited to, reasonable attorneys' fees to the extent permitted by law. If the Property is located in Florida, Lender shall be entitled to collect all costs and expenses incurred in collection or foreclosure, including attorneys' fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs, expenses and attorneys' fees incurred in any appellate and bankruptcy proceedings. If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage in such order as Lender may determine; and (c) the excess, if any, to the person or persons legally entitled thereto.

16. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable. On acceleration under paragraph 15 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter on, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

17. **Waiver of Homestead; Dower and Curtesy.** When applicable, and as permitted by law, Borrower hereby waives all rights of homestead in the Property and relinquishes all rights of dower and curtesy in the Property.

18. **Release.** This Mortgage shall be deemed to be satisfied, and Lender shall give Borrower a discharge therefor, when all sums secured by this Mortgage have been paid in full, and Borrower has paid Lender for the recording cost of filing the satisfaction of mortgage.

19. **New York Lien Law.** If the Note and Mortgage are governed by New York law, the Borrower (a) will receive all amounts advanced under the Note subject to the trust fund provisions of Section 13 of the New York Lien Law and agrees to use any money received from Lender under the Note for the purpose of paying the cost of any improvements made to the Property before using the money for any other purpose; and (b) hereby requests exemption pursuant to Section 253 (2) of the New York Tax Law, if applicable.

REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien that has priority over this Mortgage to give notice to Lender, at Lender's address set forth at the beginning of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

NOTICE TO CONSUMER: 1. Do not sign this Mortgage before you read it.
2. You are entitled to a copy of this Mortgage.

IN WITNESS WHEREOF, each of the undersigned has executed this Mortgage under seal this __15TH__ day of __AUGUST__ (month), __2003__. WE AGREE AND ACKNOWLEDGE THAT WE HAVE RECEIVED TRUE COPIES OF THIS MORTGAGE AND ANY RIDER.

(Signature of Witness One)
Printed Name: Patricia Kliskey

(Signature of Witness Two)
Printed Name: Laura D Fry

(Mortgagor/Borrower Signature)
Printed Name: JAMES T. HEGARTY

(Signature of Witness One)
Printed Name: Laura D Fry

(Signature of Witness Two)
Printed Name: Patricia Kliskey

(Mortgagor/Borrower Signature)
Printed Name: DEIRDRE C. SULLIVAN

(Signature of Witness One)
Printed Name: Patricia Kliskey

(Signature of Witness Two)
Printed Name: Laura D Fry

(Mortgagor/Borrower Signature)
Printed Name: SHEILA COMEAU

(Signature of Witness One)
Printed Name: Patricia Kliskey

(Signature of Witness Two)
Printed Name: Laura D Fry

(Mortgagor/Borrower Signature)
Printed Name: MARY TIBBETTS

(Signature of Witness One)
Printed Name: Patricia Kliskey

(Signature of Witness Two)
Printed Name: Laura D Fry

(Mortgagor/Borrower Signature)
Printed Name: GAEL TARALLO

STATE/COMMONWEALTH OF __New Hampshire__, COUNTY __Rockingham__, SS.   Date: __08/15/03__

Then personally appeared before me JAMES T. HEGARTY, SHEILA COMEAU, MARY TIBBETTS, GAEL TARALLO
known by me (or satisfactorily proven) to be the Mortgagor(s) named in the foregoing instrument, and acknowledged the execution of such instrument for the purposes contained therein to be his/her/their [circle one] free act and deed. Florida Only: The foregoing instrument was acknowledged before me this _____ day of _____, _____, by _____, who is personally known to me or has produced _____ as identification.

[Seal]
Notary Public
Print Name: Patricia Kliskey
My Commission Expires: _____
Florida Only: Notary Public State of Florida Commission Number: _____    PATRICIA ANN KLISKEY, Notary Public
My Commission Expires March 6, 2007

Recording Copy
Page 5 of 6

2107? Rev 11/200?

EXHIBIT A
TO
MORTGAGE

**Date of Mortgage:**
08/15/03

**Borrower(s)/Mortgagor(s):**
JAMES T. HEGARTY

SHEILA CONRAD
MARY TIBBETTS
GAEL TARALLO

**Mortgagee:**                                  **Property Address:**
FLEET NATIONAL BANK,                     51 RESERVOIR ST ESSEX METHUEN, MA 01844
PRINCIPALLY LOCATED IN RHODE ISLAND

The Property is located in __METHUEN__ (city/town), __ESSEX__ (county),

__MASSACHUSETTS__ (state) and is bounded and described as follows:

(See "Schedule A" attached hereto and made a part hereof.)

Remit all Legal Documents to: ————————— Fleet Bank
                                                        Consumer Loan Operations
                                                        315-317 Court Street
                                                        P.O. Box 3092
                                                        Utica, NY 13502

Pennsylvania Certification of Residence
I hereby certify that the precise residence of the Mortgagee, _____

is: _____

| Printed Name and Address of Person Who Prepared This Mortgage: | Name |
|---|---|
| Name: | |
| Address: | Title |
| City/ST/Zip: | |

Recording Copy
Page 6 of 6

OE Rev 11/2002

## SCHEDULE A

The land in Methuen, Essex County, Massachusetts, being lots numbered 399 to 405 inclusive and lots numbered 332 to 338 inclusive, on plan of land known as "Howe Street Terrace", recorded with the Essex North District Registry of Deeds, Plan Book 6, Plan 326. Said lots are contiguous and taken together are bounded and described as follows:

NORTHERLY   One hundred forty (140) feet by Reservoir Street;

EASTERLY    One hundred eighty (180) feet by Wilson Street;

SOUTHERLY   One hundred forty (140) feet by Hillside Street; and

WESTERLY    One hundred eighty (180) feet by lots 339 and 398, all as shown on said plan.